## A05A1013. ANDERSON v. DEAS.
(632 SE2d 682)

PHIPPS, Judge.

In *Anderson v. Deas*,[1] Jonita Anderson charged Raymond Deas with having committed acts of family violence (i.e., making terroristic threats and stalking) by placing harassing and intimidating telephone calls to her in Georgia from another state. We held that because any such acts would not have occurred in Georgia, Anderson's charges did not give the Superior Court of DeKalb County personal jurisdiction over Deas under § 2 (b) of the Family Violence Act (FVA). The Supreme Court of Georgia granted certiorari and remanded the case to us for reconsideration of our holding in light of *Innovative Clinical & Consulting Svcs. v. First Nat. Bank &c.*[2] Upon reconsideration, we adhere to our original decision.

Section 2 (b) of the FVA, codified at OCGA § 19-13-2 (b), gives superior courts of Georgia jurisdiction over a nonresident charged with commission of an act of family violence where the act meets the elements of personal jurisdiction under paragraphs (2) or (3) of the Georgia long arm statute, codified at OCGA § 9-10-91. Paragraph (2) of the long arm statute authorizes a court of this state to exercise personal jurisdiction if the nonresident "[c]ommits a tortious act or omission within this state." Jurisdiction exists under paragraph (3) if the nonresident, either in person or through an agent, "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."

We held that although Deas may have committed a tortious injury in this state, Georgia courts clearly do not have jurisdiction over him under paragraph (3) of the long arm statute, because he has not met any of the other requirements (such as regularly doing or soliciting business or engaging in any other persistent course of conduct in the state) set forth in paragraph 3.[3]

We further concluded that jurisdiction was not sustainable under paragraph (2) based on Deas's commission of a tortious act within this state. We based this conclusion on *Gust v. Flint*'s[4] disapproval of *Coe & Payne Co. v. Wood-Mosaic Corp.*'s[5] interpretation of paragraph (2). Finding no essential difference between paragraphs (2) and (3),

[1] 273 Ga. App. 770 (615 SE2d 859) (2005).

[2] 279 Ga. 672 (620 SE2d 352) (2005).

[3] *Anderson v. Deas*, supra, 273 Ga. App. at 772 (1) (c).

[4] 257 Ga. 129 (356 SE2d 513) (1987).

[5] 230 Ga. 58 (195 SE2d 399) (1973).

*Coe & Payne* held that a tortious act may be said to have been committed in this state within the meaning of paragraph (2) based either on occurrence of the tortious conduct or commission of the injury in this state. *Gust v. Flint* held that where a person commits a tortious act outside this state causing injury in the state, paragraph (3) rather than (2) applies — thereby requiring the presence of one of the contacts set forth in paragraph (3) before long arm jurisdiction may be exercised if the tortious injury but not the act occurs in this state.

The Supreme Court in *Innovative Clinical* adhered to the approach adopted in *Gust*. But *Innovative Clinical* disapproved other cases to the extent that they engrafted requirements similar to those set forth in paragraph (3) onto paragraph (1) of the long arm statute, which extends jurisdiction to a nonresident who "[t]ransacts any business within this state." OCGA § 9-10-91 (1). *Innovative* found *Gust*'s construction of paragraphs (2) and (3) mandated by the plain language of the long arm statute. *Innovative*, however, found the disapproved cases' application of paragraph (3)-type requirements to paragraph (1) inconsistent with the policy of our long arm statute "to exercise jurisdiction over nonresident defendants to the maximum extent permitted by procedural due process."[6]

In remanding this case to us, the Supreme Court raised the question of whether Anderson's claim that daily telephone calls Deas had placed to Georgia to allegedly terrorize and stalk her were sufficient to show that he had engaged in a "persistent course of conduct" in this state under paragraph (3).

Anderson testified that, in September 2004, Deas had made three threatening and harassing telephone calls to her and that, as far back as August, he had been threatening to kill her and hurt her child. In his testimony, Deas acknowledged that, during August and September 2004, he had made daily telephone calls to his daughter, but he denied making any threats.

When a person commits the offense of stalking by placing a harassing or intimidating telephone call to another person, the offense is deemed to occur at the place where the communication is received.[7] Nonetheless, the conduct giving rise to the offense occurs at the place where the maker of the call speaks into the telephone. The effect is transmission of the voice along the telephone line or otherwise and receipt by its listener at the other end. We, therefore, conclude that Deas did not engage in any conduct, persistent or

---

[6] *Bradlee Mgmt. Svcs. v. Cassells*, 249 Ga. 614, 617 (292 SE2d 717) (1982) (citation omitted).

[7] OCGA § 16-5-90 (a) (1).

otherwise, in Georgia, either when he made his daily phone calls to speak to his daughter or when he made the calls that allegedly threatened and harassed Anderson.

As recognized in *Innovative Clinical*, consistent with due process, paragraph (3) of the long arm statute might provide for a Georgia court's exercise of personal jurisdiction over a nonresident who has committed a tortious injury in the state caused by an act outside the state without also requiring the nonresident to have engaged in a persistent course of conduct here.[8] But by its plain language, paragraph (3) does not do that. And, by its plain language, the FVA gives Georgia superior courts jurisdiction over a nonresident only where the act with which he is charged meets the requirements of paragraphs (2) or (3) of the long arm statute.

Prior to the Supreme Court's grant of certiorari, we affirmed an order of the superior court concluding that it lacked jurisdiction over Deas under the FVA and dismissing a protective order previously entered. Upon reconsideration in light of *Innovative Clinical*, we must adhere to our decision.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 1, 2006 —
RECONSIDERATION DENIED JUNE 19, 2006 — 

*Kindel C. Johnson*, for appellant.
*Lenner, Schatten & Behrman, Kenneth H. Schatten, Tamar O. Faulhaber*, for appellee.

---

[8] See *Shellenberger v. Tanner*, 138 Ga. App. 399, 404 (1) (227 SE2d 266) (1976) (commission of a single act may be a sufficient basis for exercise of long arm jurisdiction over a nonresident if its effects within the forum are substantial enough).