[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

-------------------------------------------
No. 07-11489
Non-Argument Calendar
-------------------------------------------

D.C. Docket No. 07-00292-CV-T-17-TGW

MATTHEW CASE,

                                        Plaintiff-Appellant,

                        versus

KAREN RILEY,
Jail Administrator,
GRADY JUDD, Sheriff,
DR. STAN ZEMANKIEWICZ,
DR. PEDRO ENRIQUEZ,
SEBRING HEARTLAND HOSPITAL, et al.,

                                        Defendants-Appellees.

-------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------------

**(March 25, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Matthew Case, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint against seven defendants about medical care he received. The district court dismissed the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] No reversible error has been shown; we affirm.

In his complaint, Case claimed that defendants were deliberately indifferent to his medical needs by failing to provide him with timely and adequate medical care after he broke his hand in an altercation at the Polk County Jail while he was a pretrial detainee.[2] Case filed his complaint against (1) Jail Administrator Karen Riley; (2) Sheriff Grady Judd; (3) Dr. Stan Zemankiewicz, a bone specialist; (4) Dr. Pedro Enriquez, the jail physician; (5) Sebring Heartland Hospital; (6) Bartow Memorial Hospital; and (7) Correctional Medical Services ("CMS").

---

[1] The district court did not explicitly note under what statutory authority it dismissed the complaint. But the record makes clear that section 1915(e) was the authority relied on.

[2] Claims of deliberate indifference to a serious medical need of a pretrial detainee, such as Case, are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to similar claims by convicted prisoners. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

Case alleged these things: (1) he was taken to Sebring Heartland Hospital, where his hand was placed in a cast without first being set; (2) he was told by an attending doctor that he would see a bone specialist within 24 to 48 hours, but he did not see the specialist within this time frame; (3) Enriquez saw him only once about his hand and did not abide by follow-up procedures as ordered by the emergency room doctor and surgeon; (4) Bartow Memorial Hospital failed to ensure that a qualified surgeon practiced at the hospital[3]; and (5) Riley, Judd and CMS failed to ensure that he was provided with timely and proper medical care. As a result of this inadequate medical care, Case alleged that his hand permanently was damaged.

We review de novo a district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2)(B)(ii), accepting the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).[4] On appeal, Case argues that the district court erred in dismissing his complaint without first giving him an opportunity to amend it to provide "a more definite state[ment] to support relief." We have concluded that "[w]here a more carefully drafted

_____

[3]It is unclear from the complaint if and when Case was treated at Bartow Memorial Hospital.

[4] In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless the plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).[5]

For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations omitted). To state a Fourteenth Amendment (Due Process) claim, Case had to show that he had an objective medical need and that a government official acted with deliberate indifference to that need. See Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). To show deliberate indifference, Case had to show that (1) defendants knew of a risk of serious harm to him, (2) they disregarded this risk, and (3) their conduct amounted to more than gross negligence. See id. And the plaintiff must demonstrate that

---

[5]In Wagner, we determined that a district court is not required to sua sponte grant a counseled plaintiff leave to amend when plaintiff never filed a motion to amend or requested leave to amend before the district court. But we "decide[d] and intimate[d] nothing about a party proceeding pro se." 314 F.3d at 542 n.1. So, because Case is proceeding pro se, we will apply the rule in Bank to him.

defendants' response to a medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted).

Here, the district court correctly dismissed Case's complaint for failure to state a claim. And allowing him to amend the complaint would have been futile because his claim fails as a matter of law. Case's allegations against Riley, Judd, and CMS clearly were premised on a theory of respondeat superior. And claims against supervisory personnel who did not personally participate in the acts complained of are not actionable under section 1983. See Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018, 2036 (1978). Thus, an amended complaint against these defendants would have been unavailing.

About the remaining defendants,[6] Case's allegations do not rise to the level of a constitutional violation; the conduct he complains of amounts to, at most, negligence. And an amended complaint with a more definite statement would not change this conclusion. From the complaint, it is clear that Case received prompt

---

[6]The district court dismissed some defendants as improper parties, and alternatively, determined that Case's allegations did not rise to the level of a constitutional violation. Though we doubt the correctness of the district court's reasoning about certain defendants, we need not address these doubts because we agree with the district court that Case did not state a constitutional violation.

medical treatment for his broken hand. That Case may have desired more or a different course of treatment does not amount to a constitutional violation. See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants' "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability.); Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (when a plaintiff receives adequate medical care, but desires different modes of treatment, the care provided does not amount to deliberate indifference).

Accordingly, the district court properly dismissed Case's complaint for failure to state a constitutional claim and did not err in failing to sua sponte grant him leave to amend his complaint because an amendment would have been futile.

AFFIRMED.